IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

Cleveland Hankerson,
       Petitioner,

v.

Don Romine, Warden, U.S.P.
Lewisburg, United STates
of America,
       Respondent.

FILED
SCRANTON
OCT 17 2000
PER _____ DEPUTY CLERK

1:CV 00-1836

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2241

COMES now, the petitioner herein, Cleveland Hankerson, and respectfully moves this Honorable Court to vacate the sentence imposed in the instant case based on the decision in a recent Supreme Court case. See, <u>Apprendi v. New Jersey</u>, 99-478 (2000 WL 807189). In light of the Supreme Court's decision in <u>Apprendi</u>, the petitioner's sentence cannot exceed the statutory maximum of twenty years under § 841(b)(1)(C). The instant petition involves both an jurisdiction and actual innocence claim. Resulting in a violation of petitioner's Fifth and Sixth Amendment rights. In support thereof, the petitioner states the following:

I.                         **STATEMENT OF CASE**

The petitioner, Cleveland Hankerson and others were initially indicted in February 1991. On December 11, 1991, a jury found Hankerson guilty of (count 1) conspiring to possess with intent to distribute cocaine by employing a person under the age of eighteen; (count 2) aiding and abetting to possess with intent to distribute cocaine base; (count 3) aiding and abetting in the use of a firearm in relation to a drug trafficking crime; and (count 5) possession of a firearm by a convicted felon; pursuant to 21 U.S.C. 846 i/c/w, 21 U.S.C. 845(b), and 21 U.S.C. 841(a)(1) i/c/w, 18 U.S.C. 924(c)(1) & (2), and 18 U.S.C. 922(g)(1). On April 16, 1992, Hankerson was sentenced to life imprisonment without possibility of parole.

The Eleventh Circuit Court of Appeals affirmed the conviction and sentence. See, No. 92-8396 (11th Cir. R. 36-1), dated January 20, 1994. The United States Supreme Court denied certiorari, and Hankerson then timely moved the district court to vacate and set aside his conviction and sentence under 28 U.S.C. § 2255; said motion was denied.

II.                         **RELEVANT FACTS**

Hankerson's indictment reads as follows:

> "That beginning October 1, 1990, and continuing until November 8, 1990, in the Macon Division of the Middle District of Georgia, [Cleveland Hankerson and others]

(2)

> did unlawfully and willfully and conspire
> with each other and with other persons,
> both known and unknown to the grand jury
> knowingly and intentionally to possess
> with intent to distribute a schedule II
> controlled substance, to-wit: a mixture
> and substance containing a detectable
> amount of cocaine, that is cocaine base;
> and did knowingly and intentionally employ,
> hire, use, persuade, induce, and entice
> [...], all individuals who were under
> eighteen (18) years of age, all in viola-
> tion of Title 21, United STates Code, Sec-
> tion 846, in connection with, Title 21,
> United STates Code, Section 845(b).

No evidence was introduced in this case to show that Hankerson ever had any actual possession of drugs allegedly sold.

At the closing of the case, the court gave a "Pinkerton Instruction", (Pinkerton liability is predicated on proof of a substantive offense by a co-conspirator from which vicarious liability of another conspirator is drawn):

> "... the people who are members of the
> conspiracy are responsible for what other
> conspirators did during its existence. So
> you may find every member of the conspiracy
> guilty of the other charges that were com-
> mitted by some member of the conspiracy
> during its existence."

Tr. Trans. Pg. 539.

After these instructions and others was given, the jury found Hankerson guilty. The presentence report (PSI) yielded 295.9 grams of "crack cocaine" was involved in the conspiracy. Notable, Hankerson's indictment did not allege that "295.9 grams of crack cocaine" was the objective of the conspiracy. In fact,

(3)

the indictment only alleged that a "detectable amount" of cocaine was involved and did not cite any statute under Title 21 in support of the objective of the conspiracy.

WHEREFORE, in consideration of the foregoing as well as argument of law contained in the Memorandum of Law filed herewith, the petitioner respectfully prays that this court issue an order vacating the sentence heretofore imposed in the instant case.

Dated: September 20, 2000						Respectfully submitted

								_____
								Cleveland hankerson
								Reg. No.
								U.S.P. Lewisburg
								P.O. Box 1000
								Lewisburg, Pa. 17837

(4)