IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

CLEVELAND HANKERSON

      Petitioner,

                            CIV. NO. 1:CV-00-1836, USDC

v.                            CRIM. NO. 5:91-CR-10-MDGA

DONANLD ROMINE, WARDEN

      Respondent.

FILED
SCRANTON

_____/

## REPLY TO THE GOVERNMENT'S RESPONSE

## TO PETITIONER'S MOTION UNDER

## 28, U.S.C. § 2241.

NOV 3 0 2000

PER _____
DEPUTY CLERK

NOW COMES, the petitioner, Cleveland Hankerson, pro-se and in reply to the government's response to petitioner's § 2241 motion. In support thereof, states as follows:

Petitioner contends that the government's response to said pro-se §2241 motion is without merit and petitioner urges this court to grant petitioner the relief sought, for the reasons, facts, points and authorities set forth in his pro-se motion, "combined with this rebuttal".

Since petitioner is appearing pro-se, he is advised out of an abundance of caution that the denial of his pro-se motion and/or traverse at this stage would represent a final adjudication of this case, which may foreclose subsequent litigation on this matter. Griffith v. Wainwright, 772 F.2d 822 (11th Cir. 1985).

The Court in <u>Griffith</u>, also states "...it is accordingly important that pro-se notice be given as to insure (...) opportunity to present every factual and legal argument available." With that in mind, petitioner respectfully requests that this Court, while assessing petitioner's traverse, that this rebuttal be given due consideration and made part of the record, and held to "less stringents standards than formal pleadings drafted by lawyers". <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).

Given the nature of petitioner's claims, petitioner finds it necessary to include a complete copy of the indictment attached hereto.

**Petitioner was not informed of the essential elements comprising the charge 841(b)(1)(A), by way of indictment, and because there is a reasonable likelihood that each jury would base its verdict upon a valid indictment. The petitioner is actually innocence of the conviction of the uncharged 841(b)(1)(A).**

JURISDICTION -

The failure of petitioner's indictment to allege the federal crime 841(b)(1)(A), of which he stands convicted of, and sentenced to a mandatory life term, cannot be cured by proof of the fact that the Grand Jury did not consider the quantity of drugs (841(b)(1)(A)), as required by the Fifth Amendment. This constitutional right to be tried only on charges presented in an indictment returned by a Grand Jury, is not subject to harmless error analysis. <u>Neder v. United States</u>, 527 U.S. 1 (1999); <u>United</u>

2

States v. Prentiss, 206 F.3d 960 (10th Cir. 2000); United States

v. Macklin, 523 F.2d 193 (2nd Cir. 1975) ("The absense of an

indictment is a jurisdictional defect which deprives the court

of its power to act"). Id.

In making the requirement of an indictment jurisdictional,

Rule 7(a) what always considered to be law. Thus, In Ex Parte

Wilson, 114 U.S. 417 (1885), the court stated that "the district

court, in holding the petitioner to answer for such a crime...

without indictment or presentment by a Grand Jury, exceeded its

jurisdiction, and he is therefore entitled to be discharged."

(Emphasis added).

Similarly, Ex Parte Bain, 121 U.S. 1 (1887), the defendant

was convicted of an indictment found invalid because it had

been amended by the court. The court held that "the jurisdiction

of the offense is gone" because the case not "properly presented

by indictment". Id. at 13 (emphasis added).

Lack of subject matter jurisdiction may be raised at anytime,

because if a court lacks subject matter jurisdiction, it does

not have power to hear the case. Article III, Section 2 of the

Constitution. Banker Ramo Corp. v. United Business Forms Inc.,

713 F.2d 1272 (7th Cir. 1983). As stated in Federal Rules of

Criminal Procedure, 12 (b)(2), if an indictment "fails to show

jurisdiction in the court or to charge an offense, [such]

objection shall be noticed by the court at any time during the

pendency of the proceeding." United States v. Adesida,  129 F.

3d 846 (6th Cir. 1997). If an indictment does not charge a

cognizable federal offense, then a federal court lacks jurisdiction

to try a defendant for violation of the offense. <u>United States
v. Armstrong</u>, 951 F.2d 626 (5th Cir. 1992).

<u>ACTUAL INNOCENCE</u>   -

To establish actual innocence, a defendant must establish
that in light of all the evidence, it is more likely than not,
no reasonable juror would have convicted him. <u>Schulp v. Delo</u>,
513 U.S. 298 (1995). A defendant must show — at the threshold
— both a constitutional violation and a colorable showing of
actual innocence. <u>Pack v. Reynolds</u>, 958 F.2d 989 (10th Cir.
1992).

Here, there is no doubt that petitioner Hankerson was con-
victed of the criminal conspiracy charged in the indictment,
Count one violating, 21, U.S.C. 846 and 21, U.S.C. 845(b) and
Count two violating, 21, U.S.C. 841(a)(1) and 18, U.S.C. 2.
There is no argument from petitioner to the contrary. The
narrow issue to this particular claim, is whether petitioner
is actually innocent to just 21, U.S.C. 846, 845(b), 841(a)(1)
and 18, U.S.C. 2. "but" of 21, U.S.C. 841(b)(1)(A) as defined
by the Controlled Substance Act. That determination must be
made by a jury based upon a valid indictment. <u>Lockett v.
Puckett</u>, 988 F. Supp. at 1029; <u>Apprendi v. New Jersey</u>, 120 S.Ct.
2384 (2000).

Accordingly, because petitioner's indictment is missing
essential elements, i.e., (841(b)(1)(A)) to the crime he stands
convicted and sentenced of, no reasonable juror could have con-
victed him based on the allegations of his indictment to the crime he

4.

stands convicted today, that is violating 21, U.S.C. 841(b)(1)(A).
Nor, can the government rebut or present any admissible evidence
of petitioner's guilt that would overcome the government's failure
to charge all the elements of the crime they were seeking to
prosecute. Therefore, petitioner is actually innocent of the
conviction and sentence under the uncharged 21, U.S.C. 841(b)(1)(A).

## THE PETITIONER WAS NOT CHARGED BY THE GRAND JURY AS TO THE (b) PORTION OF TITLE 21, U.S.C. § 841, BUT WAS SENTENCED AND CONVICTED UNDER THE (b) PORTION OF § 841

The indictment clause of the Fifth Amendment requires that
**an indictment contain some amount of factual particularity** to
ensure that the prosecution will not fill in elements of its
case with facts other than those considered by the Grand Jury.
United States v. Crowley, 79 F. Supp. 2d 138 (E.D.N.Y. 1999).

Crowley, has an analogous fact pattern to the instant case,
where the defendant argued that the indictment handed down by
the Grand Jury failed to satisfy the Fifth Amendment require-
ment. Because the indictment was silent as to which of the four
sexual acts set forth in the statute he was alleged to have at-
tempted to commit.

As Crowley puts it, his argument is simple:

> "The indictment is silent on the essential
> question of what he in fact was being said to
> have done, and thus no one knows what the grand
> jury in fact thought he did. In other words,

what on earth did our grand jury mean when it
charged a 'sexual act'?...There is simply no
way we can be sure what the grand jury meant by
a 'sexual act' when its indictment is silent on
the question." Id., see footnote 11.  ("I think
it is important to make sure this isn't a question
of adequacy to notice to the defendant so he could
prepare for trial.  The vice that is involved here
is the failure to comply with the Fifth Amendment
requirement that a felony prosecution is based on
a grand jury indictment").

Here, the petitioner was charged with violating the "con-
trolled Substance Act".  As in Crowley, the indictment is silent
as to which of the four controlled substance acts they conspired
to commit.  Failure of the indictment to specify alleged con-
trolled substance act violated the defendant's grand jury rights
under the Fifth Amendment.

Here, the language of the indictment is too general, the
indictment is silent on the essential facts of the case.  The
indictment must allege essential facts necessary to apprise a
defendant of the crime he is charged with.  United States v.
Musacchio, 940 F.2d 486 (9th Cir. 1991).

For example, if the indictment alleged that the petitioner
possessed a measurable amount of cocaine or cocaine base, this
is such a case.  Then after conviction, sentence the petitioner
5 grams or more of cocaine or cocaine base, would violate the
holding in Kotteakos v. United States, 328 U.S. 750 (proof of a

crime not charged in the indictment).  Because the Fifth Amend-
ment guarantees a defendant the right to be tried on only those
offenses presented in an indictment returned by a grand jury.
Stirone v. United States, 361 U.S. 212 (1960).

The Fifth and Sixth Amendments set-forth bedrock principles
of constitutional law:

> "No person shall be held to answer for a
> capital or prosecution or indictment of a
> grand jury", U.S. Const. Amend. V., and "[I]n
> all criminal prosecutions, the accused shall
> enjoy the right...to be informed of the nature
> and cause of the accusation."  U.S. Const.
> Amend. VI.  These principles are enshrined in
> Fed. R. Crim. P. 7(c), which states that "[T]he
> indictment...shall be a plain, concise and
> definite written statement of the **essential**
> **facts** constituting the offense charged."
> Crowley, 79 F.Supp. 2d at 153.

This court held that fidelity to this rule is required
in order to safeguard a defendant's constitutional rights.  Com-
plinace with Rule 7(c):

> "Fulfills the Sixth Amendment right to be
> informed of the nature and cause of the accusa-
> tion; it prevents a person from being subject
> to double jeopardy as required by the Fifth
> Amendment; and it serves the Fifth Amendment
> protection against prosecution for crime based
> on evidence not presented to the grand jury."

See, United States v. Silverman, 430 F.2d 106 (2d. Cir. 1970)

(Analyzing sufficiency of the indictment to "insure that the defendant [was] not tried upon a theory or evidence which was not fairly embraced in the facts upon which the grand jury based its charges"), modified, 439 F.2d 1198 (2d Cir. 1970.

The petitioner contends that the indictment handed down by the grand jury fails to satisfy the Fifth Amendment requirement, because the indictment was silent as to which actual quantity of the four controlled substance acts set forth in the statute he was alleged to have conspired to commit.  See, 21 U.S.C. § 841(b)(penalties).

Here, the charging language of the indictment was ambiguous regarding the conspiratorial objectives each of the defendants was alleged to have participated in.  The ambiguity was not re-solved throughout the trial and was not cleared up when the jury returned its "general verdict" as to the conspiracy count.

There is simply no way of knowing from the charging langu-age which of the four conspiratorial objectives the grand jury alleged the petitioner was involved in.  For example, did the grand jury allege petitioner solely agreed to possess 0 to 5 grams of cocaine base, solely agreed to possess 5 grams or more, solely agreed to possess 1.5 kilograms or more?

In view of these differences, the indictment clearly fails to allege sufficient facts to facilitate the proper preparation of defense and to ensure that the defendant was prosecuted on facts presented to the grand jury.  "The indictment clause of the Fifth Amendment 'requires that an indictment contain **some amount of factual particularity** to ensure that the prosecution

will fill in elements of its case with the facts other than
those considered by the grand jury." United States v. Abrams,
539 F.Supp. 378 (S.D.N.Y.).

Here, there is no doubt that the "quantity" of controlled
substance is the most essential element of the crime conspiracy
and distribute under 21, U.S.C. §§846 and 841. Indeed, without
any quantity of controlled substance, there is no crime under
these two sections of the statute.  The core of criminality
under these sections is the actual type and weight of controlled
substances involved.  Of which has four separate sub-sections
that give a totally different minimum and maximum penalties,
(depending upon the actual type and weight of substance the
defendant possessed or conspired to distribute).  See, 21, U.S.C.
§ 841 (b).  The term "Penalties" under 841(b) is an umbrella
phrase, its panels protecting against at least four different
species of unlawful acts.  It is a generic term that can change
dramatically with each indictment.  See, Hamling, 418 U.S. at 118-

Given the variety of ways in which this statute could
be violated, the conduct alleged to comprise the charged con-
trolled substance violation, that is, the quantity must be
delineated in the indictment.  See, 1 Wright, Federal Practice
and Procedure § 125 (1982) (If the statute charges a variety
of possible offenses, a pleading in the statutory language that
does not indicate which offenses defendants' are alleged to have
committed is insufficient, and if the statute is couched in
general terms, the indictment must particularize the offense").

This court cannot say with any degree of certainty that

the defendant's convictions were obtained by the use of evidence
that first was presented to the grand jury.  This lack of certain-
ty stems from a comparison of what is charged in the indictment —

a singular "controlled substance violation" — and the proof pre-
sented at trial of four distinct quantities of controlled substance
violations.  Under these circumstances, this court cannot be
certain that the government did not, impermissibly "fill in
element of its case" with facts not presented to the grand jury.
Therefore, petitioner's conviction must be vacated.

## CONCLUSION

To indict petitioner Hankerson for violating 21, U.S.C. 846,
845(b), and 841(a)(1), which has no criminal penalty —— then at
the conclusion of his trial —— if found convicted —— sentence
him pursuant to subsection 841 (b)(1), under one of its several
available sentencing prerequisites does not provide fair notice
and offends the due process clause of the Constitution's Fifth
Amendment.

In Harris v. United States, _____F.Supp. 2d_____, 2000
WL 1641073 (D.N.J., filed Nov. 1, 2000), the court ruled that
28, U.S.C. § 2241 is the proper remedy where a petitioner seeks
to challenge his conviction based on the rule announced in
Apprendi, where the gatekeeping provisions for filing a succes-
sive § 2255 motion bar the filing of a successive § 2255 motion.
This is precisely what the petitioner in the instant case
seeks to do.

For the foregoing reasons, petitioner respectfully requests that this court grant his § 2241 motion.

Respectfully submitted,

Dated: November 22, 2000

cc:nl

Cleveland Hankerson
Reg. No. 83507-020
USP Lewisburg
P.O. Box 1000
Lewisburg, Pa.   17837

# CERTIFICATE OF SERVICE

I, __MR. CLEVELAND HANKERSON__ , hereby certify, under the penalty of

perjury, that I have mailed a true copy of the foregoing document(s) to those

listed below at the address listed with the proper amount of first class post-

age prepaid by placing same in the institutional legal mailbox at the United

States Penitentiary at Lewisburg, Pennsylvania this __22th__ day of

__NOV.__ , __2000.__

This same day I have mailed in the same way an original and __1__ copies of

the foregoing documents(s) to the Clerk of the Court.

```
MR. MICHAEL T. SOLIS
ASSISTANT U.S. ATTORNEY
GEORGIA STATE BAR NO. 666480
433 CHERRY STREET
MACON GA.   31202


MR. DULCE DONOVAN
ASSISTANT U.S. ATTORNEY
FEDERAL BUILDING,  SUITE 217
228 WALNUT STREET
HARRISBURG, PA.   17108
```

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>JAMES EDWARD COLBERT, a/k/a "JAY",<br>JIMMY BERNARD BARKLEY, a/k/a "J.B.",<br>TROY LEE BROWN, and<br>CLEVELAND HANKERSON, a/k/a "HANK" | SECOND SUPERSEDING INDICTMENT<br>CRIM. NO. _91-10 MAC (WDO)_<br><br>VIOLATIONS: 21 U.S.C. § 846<br>         i/c/w<br>         21 U.S.C. § 841(a)(1)<br><br>         21 U.S.C. § 841(a)(1)<br>         18 U.S.C. § 2<br><br>         18 U.S.C. § 924(c)<br>         18 U.S.C. § 2<br><br>         18 U.S.C. § 922(g)(1) |

THE GRAND JURY CHARGES:

COUNT ONE

That beginning October 1, 1990 and continuing until November

8, 1990, in the Macon Division of the Middle District of Georgia,

JAMES EDWARD COLBERT, a/k/a "JAY",
JIMMY BERNARD BARKLEY, a/k/a "J.B.",
TROY LEE BROWN, and
CLEVELAND HANKERSON, a/k/a "HANK"

did unlawfully and willfully conspire with each other and with

other persons, both known and unknown to the Grand Jury,

knowingly and intentionally to possess with intent to distribute

a Schedule II controlled substance, to-wit:  a mixture and

substance containing a detectable amount of cocaine, that is

cocaine base; and did knowingly and intentionally employ, hire,

use, persuade, induce, and entice JOSEPH MAURICE MEREDITH, GREG

STATEN and RODNEY DWAYNE PERSON, all individuals who were under

eighteen (18) years of age, all in violation of Title 21, United

States Code, Section 846, in connection with, Title 21, United

States Code, Section 845b.

COUNT TWO

That on or about November 1, 1990, in the Macon Division of

the Middle District of Georgia,

JAMES EDWARD COLBERT, a/k/a "JAY",<br>
JIMMY BERNARD BARKLEY, a/k/a "J.B.",<br>
TROY LEE BROWN, and<br>
CLEVELAND HANKERSON, a/k/a "HANK"

aided and abetted by each other and by other persons, both known

and unknown to the Grand Jury, did unlawfully, knowingly, and

intentionally possess with intent to distribute a Schedule II

controlled substance, to-wit:  a mixture and substance containing

a detectable amount of cocaine, that is cocaine base; all in

violation of Title 21, United States Code, Section 841(a)(1) and

Title 18, United States Code, Section 2.

COUNT THREE

That between October 1, 1990 and November 7, 1990, in the

Macon Division of the Middle District of Georgia,

JAMES EDWARD COLBERT, a/k/a "JAY",<br>
JIMMY BERNARD BARKLEY, a/k/a "J.B.",<br>
TROY LEE BROWN, a/k/a, and<br>
CLEVELAND HANKERSON, a/k/a "HANK"

aided and abetted by each other and by other persons, both known and unknown to the Grand Jury, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, to-wit:  the offenses set forth in Counts One and Two of this Indictment, did use and carry firearms, to-wit: one Plainfield, Enforcer Model, .30 caliber pistol, serial number PP00106; all in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2.

<u>COUNT FOUR</u>

That on or about October 31, 1990, in the Macon Division of the Middle District of Georgia,

JAMES EDWARD COLBERT a/k/a "JAY"

having been convicted July 19, 1989, in the Circuit Court, Fifteenth Judicial Circuit, Palm Beach County, Florida, Indictment #88-12662 CFA for Grand Theft Auto, a crime punishable by imprisonment for a term exceeding one year, did knowingly receive and possess firearms which had previously been shipped and transported in interstate commerce, to-wit:  a Plainfield Enforcer Model, .30 caliber pistol, serial number PP00106; in violation of 18 U.S.C. § 922(g)(1).

<u>COUNT FIVE</u>

That on or about October 31, 1990, in the Macon Division of the Middle District of Georgia,

CLEVELAND HANKERSON a/k/a "HANK"

having been convicted March 6, 1989, in the Circuit Court, Fifteenth Judicial Circuit, Palm Beach County, Florida,

Indictment #88-5735 CF for Possession of Cocaine with intent to sell and Possession of Marihuana with intent to sell, crimes punishable by imprisonment for a term exceeding one year, did knowingly receive and possess firearms which had previously been shipped and transported in interstate commerce, to-wit:  a Plainfield Enforcer Model, .30 caliber pistol, serial number PP00106; in violation of 18 U.S.C. § 922(g)(1).

A TRUE BILL.

_____
FOREMAN OF THE GRAND JURY

Presented By:

_____
MICHAEL T. SOLIS
ASSISTANT UNITED STATES ATTORNEY

No. _____

# UNITED STATES DISTRICT COURT

MIDDLE _____ District of _ GEORGIA _____

_____ MACON _____ Division

## THE UNITED STATES OF AMERICA

*vs.*

_ JAMES EDWARD COLBERT, ET AL _

## INDICTMENT

VIOLATIONS:

21 U.S.C. § 846 i/c/w 21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(a)(1)
18 U.S.C. § 2
18 U.S.C. § 924(c); 18 U.S.C. §2
18 U.S.C. § 922(g)(1)

*A true bill,*

_____ *Foreman.*

Filed in open court this ___ 31st ___ day

of __ October __ A.D. 19_91_

_____ *Clerk.*

Bail, $ _____

FORM OBD-34
SEP 1978

GPO 863 525