

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLEVELAND HANKERSON, | : | CIVIL ACTION NO. **1:CV-00-1836** |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Blewitt) |
| DONALD ROMINE, | : | |
| Respondent | : | |

FILED
SCRANTON
APR 16 2001
PER _____
DEPUTY CLERK

### REPORT AND RECOMMENDATION

Petitioner, an inmate at the United States Penitentiary at Lewisburg, Lewisburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 17, 2000. (Doc. 1).

### I. Background

On December 11, 1991, the Petitioner was convicted of Conspiracy to Possess with Intent to Distribute Cocaine Base, Aiding and Abetting the Possession of Cocaine Base, Possession of a Firearm During the Course of a Drug Trafficking Offense, and Possession of a Firearm by a Convicted Felon in the United States District Court for the Middle District of Georgia. On April 16, 1992, the Defendant was sentenced to life imprisonment and a five-year sentence to be served consecutively.

Thereafter, the Petitioner appealed his conviction to the Eleventh Circuit Court of Appeals, which affirmed the judgment of conviction on March 4, 1994.

On April 28, 1997, the Petitioner filed a Motion to Vacate Sentence pursuant to 28 U.S.C. §2255. On July 8, 1997, the District Court denied the Petitioner's motion. He appealed the denial to the Eleventh Circuit Court of Appeals. The Eleventh Circuit declined to consider the Petitioner's appeal.

The Petitioner filed an application to file a second or successive Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. That application was denied by the Eleventh Circuit Court of Appeals.

## II. Discussion.

Petitioner has previously filed a Section 2255 motion, which was denied. He therefore filed this petition pursuant to 28 U.S.C. §2241. Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." A motion under Section 2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (*per curiam*) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See Id.; Cagle v. Ciccone*, 368 F.2d 183, 184 (8th Cir. 1966). The fact that a prior Section 2255 motion filed in the sentencing court was denied is insufficient to show that the Section 2255 remedy is inadequate or ineffective. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988); *Litterio v. Parker*, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative. . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

Moreover, the United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under Section 2255, a motion under Section 2255 "supersedes habeas corpus and provides the exclusive remedy." *Strollo v. Alldredge*, 409 U.S. 1046 (1972). As noted in *Litterio*, lack of success does not by itself entitle Petitioner to review of his habeas corpus petition.

In an effort to overcome the stringent gate keeping requirements that apply to successive § 2255 petitions, the Petitioner filed this 28 U.S.C. § 2241 petition contending that the case of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and the new rule of law set forth therein, warrants another look at his case. *Apprendi* essentially held that a jury,

rather than a judge, must determine beyond a reasonable doubt facts supporting a statutory sentencing enhancement. It is the Petitioner's contention that "in light of the Supreme Court's decision in *Apprendi*, the petitioner's sentence cannot exceed the statutory maximum of twenty years under § 841(b)(1)(C)." (Doc. 1, p. 1).

In order to determine whether the Petitioner's argument has any merit, we must first address whether the *Apprendi* rule can be applied retroactively. "In keeping with the limited purpose of the writ of habeas corpus, the Supreme Court has established a very strict test for determining whether a recently announced change in the law is to be applied retroactively to cases on collateral review." *United States v. Gibbs*, 125 F. Supp.2d 700, 703 (E.D. Pa. 2000). "[F]ederal courts may retroactively apply new rules of law on habeas petitions if the rules are watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding, that alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." *West v. Vaughn*, 204 F.3d 53, 59-60 (3d Cir. 2000). The Third Circuit adheres to the approach set forth in *Teague v. Lane*, 489 U.S. 288, 307, 109 S.Ct. 1060, 103 L.Ed. 2d 334 (1989). The *Gibbs* case succinctly set forth the *Teague* retroactivity test as follows:

> A new rule is not applicable to cases which have become final before the announcement of the new rule unless it falls within one of two exceptions:
>
> First, a new rule should be applied retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law - making authority to proscribe.' Second, a new rule should be applied retroactively if it requires the observance of 'those procedures that ... are implicit in the concept of ordered liberty.'
>
> *Teague v. Lane*, 489 U.S. 288, 307, 109 S.Ct. 1060, 103 L. Ed. 2d 334 (1989)(plurality opinion) *(quoting Mackey v. United States*, 401 U.S. 667, 682, 91 S.Ct. 1160, 28 L.Ed. 2d 404 (1971)(some internal quotations omitted). In subsequent cases the Court enunciated a three-step analysis under the *Teague* test. *See O'Dell v. Netherland*, 521 U.S. 151, 156, 117 S.Ct. 1969; *Caspari v. Bohlen*, 510 U.S. 383,

3

> 390, 114 S.Ct. 948. First, the date on which the defendant's conviction became final must be ascertained. Second, the habeas court must decide whether the holding constitutes a new rule. Finally, if the rule is new, we must determine whether it falls 'within one of the two narrow exceptions to the *Teague* doctrine.' *O'Dell*, 521 U.S. at 156-57, 117 S.Ct. 1969.

*Gibbs*, 135 F. Supp.2d at 703.

We note that the Petitioner's conviction became final prior to the issuance of the *Apprendi* decision on June 26, 2000. With regard to whether *Apprendi* announced a new rule of constitutional law, although the Third Circuit has not addressed the issue, we have reviewed the opinions of those courts that have reviewed the question and concur with their conclusion that *Apprendi* does in fact announce a new constitutional rule as defined by *Teague*. See, *Rodgers v. United States*, 229 F.3d 704, (8th Cir. 2000); *Talbot v. State of Indiana*, 226 F.3d 866; *In re Joshua*, 224 F.3d 1281, 1283 (11th Cir. 2000); *Sustache-Rivera v. United States*, 221 F.3d 8, 15 (1st Cir. 2000). We therefore turn to whether the new rule announced in *Apprendi* falls within one of the two narrow exceptions set forth in *Teague* so as to be applied retroactively. Two district courts in our circuit have addressed this issue, and both have found that the new rule does not fall within the *Teague* exceptions. *Levan v. United States*, 128 F. Supp.2d 270, 278 (E.D. Pa. 2001); *Gibbs*, 125 F.Supp.2d at 706. We find no reason to conclude differently, and in so doing, conclude that *Apprendi* does not apply retroactively. Thus, the *Apprendi* rule provides no form of relief for the Petitioner.

While the Petitioner may demonstrate a personal inability to utilize the Section 2255 remedy, he does not establish the inadequacy or ineffectiveness of the remedy itself. See *Berry v. Lamer*, Civil No. 96-1678, *slip op* at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from circuit court warning petitioner that no other submission shall be filed or entertained in his case, did not render his remedy by way of Section 2255 motion inadequate or ineffective); *Holland v. Harding*, Civil No. 95-0870, *slip op* at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.) (holding that entering into a sentencing agreement wherein the right to challenge the conviction or sentence by direct appeal or by Section 2255 motion is waived does not render a

4

Section 2255 motion inadequate or ineffective); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (denying motion for certification to file a second Section 2255 petition without prejudice to petitioner filing a Section 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.").

### III. Recommendation.

Based upon the foregoing, it is respectfully recommended that the petition be dismissed.

　　　　　　　　　　　　　　　　　　　　　　　　　**THOMAS M. BLEWITT**
　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**

Dated: April 16, 2001

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLEVELAND HANKERSON, | : | CIVIL ACTION NO. **1:CV-00-1836** |
| | : | |
| Petitioner, | : | |
| | : | (Judge Rambo) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| | : | |
| DON ROMINE, WARDEN, | : | |
| | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **April 16, 2001.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

THOMAS M. BLEWITT
**United States Magistrate Judge**

Dated: April 16, 2001

2

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

April 17, 2001

Re: 1:00-cv-01836   Hankerson v. Romine

True and correct copies of the attached were mailed by the clerk
to the following:

Cleveland Hankerson
USP-ATLANTA
83507-020
Box PMB
Atlanta, GA  30315

Dulce Donovan, Esq.
U.S. Attorney's Office
228 Walnut Street
P.O. Box 11754
Harrisburg, PA  17108

```
cc:
Judge                         (✓)            ( ) Pro Se Law Clerk
Magistrate Judge              ( )            ( ) INS
U.S. Marshal                  ( )            ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 ( )
Federal Public Defender       ( )
Summons Issued                ( )  with N/C attached to complt. and served by:
                                   U.S. Marshal ( )     Pltf's Attorney ( )
Standard Order 93-5           ( )
Order to Show Cause           ( )  with Petition attached & mailed certified mail
                                   to:  US Atty Gen   ( )    PA Atty Gen ( )
                                        DA of County  ( )    Respondents ( )

Bankruptcy Court              ( )
Other_____      ( )
```

MARY E. D'ANDREA, Clerk

JB
4/17/01