COPY

FILED
SCRANTON
MAY 14 2001
PER_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLEVELAND HANKERSON, | § | |
| Petitioner, | § | Civil No. 1:CV-00-1836 |
| | § | (Judge Rambo) |
| v. | § | (Magistrate Judge Blewitt) |
| | § | |
| DONALD ROMINE, | § | |
| Respondent. | / | |

## OBJECTION TO REPORT AND RECOMMENDATION

COMES NOW, Cleveland Hankerson (hereinafter "Petitioner") pro-se, in the above entitled action and respectfully submits his objections to the Magistrate Judge Report and Recommendation. He states the following in support:

On April 16, 2001, the Magistrate Judge issued his Report & Recommendation, recommending that Petitioner's 28 U.S.C. § 2241 Habeas Corpus petition be dismissed for the following reasons. (1) <u>Apprendi</u> does not apply retroactively, and (2) while the petitioner may demonstrate a personal inability to utilize the § 2255 remedy, he does not establish the inadequacy or ineffective of the remedy itself.

## (1) APPRENDI IS RETROACTIVELY APPLICABLE TO PETITIONER'S CASE

Petitioner argues that the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S.--, 147 L.Ed. 2d 435 (2000) and Jones v. United States, 526 U.S. 227 (1999), are essentially interpretation of statutory scheme and, as such, should be retroactively applicable to all cases prosecuted under that type of statutory structure. Notwithstanding the fact that Jones involved a federal carjacking statute while Apprendi dealt with a New Jersey State statute; both of the statutory constructions addressed by the Court are identical to the Title 21 U.S.C. § 841 which Petitioner was prosecuted under.

Moreover, the Supreme Court and several Circuit Courts have subsequently applied this judicial interpretation of statute to cases prosecuted under § 841 by remanding such cases in light of Apprendi's holding or applying Apprendi's holding to § 841 cases on appeal.

Therefore, Petitioner is entitled to the retroactive benefit of Jones & Apprendi as being an interpretation of a substantive criminal statutory scheme by the Supreme Court. Such construction of statute is **always** retroactively applicable. See River v. Roadway Express, Inc., 511 U.S. 298 (1994); Bousley v. United States, 523 U.S. 614 (1998); Brough v. United States, 454 F.2d 370 (7th Cir. 1971).

Retroactivity should be mandated because the Supreme Court decisions in Jones and Apprendi declared what the law meant [statutory scheme utilizing elements of offense as sentencing factors] from the day of its enactment, and "the prior interpretation is, and always was, invalid." Brough,@ p. 372.

Both Jones and Apprendi addressed statutory schemes that used certian offense characteristics contained in statute, as "sentencing factors". The Supreme Court held that these "factors" were elements and must be treated accordingly (i.e. charged in the indictment, presented to jury and prove beyond a reasonable doubt).

There is absolutely nothing novel or new about the concept of a trial by jury (Sixth Amendment to U.S. Const. 1791) Due Process of Law (Fifth Amendment to U.S. Const. 1791) or reasonable doubt as the degree of persuasion in a criminal case. The formula "beyond a reasonable doubt" seems to have been around since as early as 1798 and has been the measure of persuasion by which the prosecution must convince the trier of fact of all the essential elements of guilt. McCormick, Evidence, § 321 pp. 681-682; Wigmore, Evidence, § 2497 (3rd Ed. 1940); In re Winship, 397 U.S. 258 (1970); Apprendi supra.

the lanuage used by Justice Stevens, the author of Apprendi, supports the proposition that Jones and Apprendi are decisions interpretating the statute -- and therefore retroactive to Petitioner's case.

When presented with the question of whether or not a factor, contained in a criminal statute as sentencing enhancement, should be construed as an element of offense if that factor increased the maximum penalty prescribed;

The Court answered accordingly:

> "Our answer to that question was foreshadowed by our opinion in Jones v. United States, 526 U.S. 227, 143 L.Ed. 2d 311, 119 S.Ct. 1215 (1999), <u>construing a federal statute</u>. We there noted that <u>under the Due Process Clauses of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt. <u>Id</u>. at 243 n.6.</u> The Fourteenth Amendment commands the same answer in this case involving a state statute". (<u>Apprendi v. New Jersey</u>, 147 L.Ed. 2d at 446 (emphasis added).

Justice Steven's statement above leaves no doubt that the Court was construing a statutory scheme in both <u>Jones</u> and <u>Apprendi</u>.

> It is well established that "when (the Supreme] Court construes a statute, it is explaining its understanding of what the statute <u>has meant continuously since the date when it became law</u>".

<u>Rivers</u>, 511 U.S. at 313 n. 12 (1994)(emphasis added).

Additional support for Petitioner's argument can be found in the predecessor to <u>Apprendi</u>. The <u>Jones</u> decision, as stated by <u>Apprendi</u> majority, "foreshadowed" the Courts opinion in <u>Apprendi</u>. Id @ p. 446.

The <u>Apprendi</u> Court repeatedly referenced <u>Jones</u> which is replent with cannons relative to the task of statutory con-

4

construction (i.e., "Congressional intent", "statutes legislative history", "statutory drafting", etc.). All these words and phrases are terms of art in the art of construing and interpretation of statute.

Analogous to the Supreme Court's decisions in <u>Jones</u> and <u>Apprendi</u> would be the Supreme Court's holding in <u>Ratzlaf v. United States</u>, 510 U.S. 135 (1994), where the Supreme Court held that knowledge of illegality was an essential element of the crime of currency structuring. <u>Ratzlaf</u> was subsequently held to be retroactively applicable as an interpretation of a federal statute. See. <u>United States v. Dashney</u>, 52 F.3d 298 (10th Cir. 1995); <u>United States v. Brown</u>, 117 F.3d 471 (11th Cir. 1997)).

Therefore, based on the foregoing argument that <u>Jones</u> and <u>Apprendi</u>, and their affect of 21 U.S.C. § 841, by implication, are interpretations of statute; Petitioner would submit that he is entitled to the retroactive benefit of such.

(2) THE AEDPA AS APPLIED TO PETITIONER'S CASE EFFECTIVELY VIOLATES THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT AND THE SUSPENSION CLAUSE OF ARTICLE I, SEC. 9 CL. 2 OF THE UNITED STATES CONSTITUTION

The United States Constitution expressly proclaims that the Writ of habeas Corpus shall not be suspended. The Founding Fathers of this Great Country specifically stated:

> "The privilege of the Writ of Habeas Corpus shall
> not be suspended, unless when in cases of Rebellion
> or Invasion of the Public Safety may require". Article
> I, Sec. 9, CL. 2 U.S. Const.

Petitioner contends that Courts has suspended the Writ of Habeas Corpus (as applicable to him and those similarly situated) by enactment of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.

To be sure, there is no "Rebellion or Invasion" threatening "public safety". Therefore, specifically, Petitioner asserts that the "Gate keeping" provisions of AEDPA prohibiting second or successive petitions effectively suspends the Habeas Corpus vehicle for individuals in Petitioner's present posture. (i.e. prisoners who have sought relief by way of 28 U.S.C. § 2255 unsuccessfully and can't meet prerequisites for certification by Court of Appeals due to extraordinary circumstances.)

The Court of Appeals can only authorize a second or successive petition if the applicant can meet one of the following:

> "(1) Newly discovered evidence that, if proven and
> viewed in light of the evidence as a whole, would be
> sufficient to establish by clear and convincing
> evidence that no reasonable factfinder would have
> found the movant guilty of the offense; or
> (2) a new rule of Constitutional law, made retroactive
> to cases on collateral review by the Supreme Court, that
> was previously unavailable".

Title 28 U.S.C. § 2255.

The assertions above are excessively restrictive and deprive access to habeas corpus petitions in extraordinary cases where a prisoner is entitled to relief as a matter of Constitutional Law. An example of such an extraordinary case arose in the matter of Bailey v. United States, 516 U.S. 137 (1995), where the Supreme Court constructed a federal statute resulting in numerous petitions for collateral relief. Prisoners seeking benefit of Bailey by way of successive § 2255 were foreclosed by the "Gate Keeping" provisions of AEDPA.

The question of whether Bailey claims could be pursued by way of successive motion under § 2255 was subject of extensive debate in the form of Circuit Court opinions. However, the real question: "are the 'Gate Keeping' provisions of AEDPA unconstitutionally restrictive" was skirted in all of these cases. The Third Circuit touched on the subject, however, reserved opinion on this "thorny constitutional issue". In re Dorsainvil, 119 F.3d. 245, 248 (3rd. Cir. 1997). In Dorsainvil, Petitioner sought relief from the Court under 28 U.S.C. 2241 because relief was not available under § 2255. The Third Circuit held that, a petitioner may seek relief pursuant to § 2241 because his §2255 releif has become "inadequate or ineffective" only under very narrow circumstances. In Dorsanivil, the narrow circumstance permitting the petitioner's filing of a petition under § 2241 was a change in the Supreme Court's interpretation of the meaning of "use" under 18 U.S.C. § 924(c), the statute pursuant to which

7

the Dorsainvil petitioner had been convicted. Id. @ p. 251. See also, Reyes-Requena v. Unted States, 5th Cir. No. 99-41254 (March 01, 2001). Also relying on Bailey. The Court determined that Bailey claims are not cognizable in a second or successive application for relief pursuant to § 2255 because Bailey announced a new statutory rule and not a new constitutional rule, therefore, the appropriate remedy to raise a claim under Bailey is in a § 2241. Numerous federal courts of appeals agree but do not all use the same standard. Triestman v. United States, 124 F.3d 361 (2d Cir. 1997); In re Jones, 226 F.3d 328 (4th Cir. 2000), and In re Davenport, 147 F.3d 605 (7th Cir. 1998). The Fifth Circuit further stated that, the Supreme Court has not provided specific guidance on the availability of § 2241 to challenge a conviction, but however, cases such as United States v. Hayman, 342 U.S. 205 (1952), Swain v. Pressley, 430 U.S. 372 (1977), show that, generally speaking, a § 2241 application is appropriate when other remidies are inadequate or ineffective.

The Supreme Court's ruling in Apprendi and Jones is considered as being both an interpretation of a statutory scheme and the interpretation of what the constitution requires--thus compels the Federal Judiciary, and this Court in particular --to address this thorny constitutional issue.

Apprendi is a lengthy opinion with two concurring opinions and two dissents which were joined by four justices. This opinion

puts into play the issue of where it is proper to draw the line between (i) "sentencing factors," which may be determined at the time of sentencing by low standard of proof and (ii) "elements of the offense," which must, pursunat to the Fifth and Sixth Amendments, be properly charged in an indictment or information and be found by a jury beyond a reasonable doubt. While it is arguable that prior jurisprudence may have foreshadowed this result, it can hardly be said that a reasonable prisoner would have been required to raise this issue in a timely § 2255 filing made before Apprendi was decided.

Petitioner contends that AEDPA's restrictions on § 2255 forecloses all judicial review in a case (such as this one) where a petitioner claims that he is serving an unconstitutional term of imprisonment as a result of a previously unavailable statutory interpretation.

Petitioner previously sought relief pursuant to a § 2255 and, therefore, can not seek judicial consideration of his Apprendi claim only because he can not satisfy either of the two exceptions for certification pursuant to § 2244.

Petitioner urge this Honorable Court to adopt the reasoning that Jones and Apprendi have been put in place to clarify the laws that have been in existence since the 1700s, and that Apprendi is both new rule of Constitutional law and Supreme Court interpretation of statute. Thus, making Apprendi automatically applicable to cases on collateral review. However, the Eleventh

Circuit has ruled that the Supreme Court must expressly declare a rule retroactive to collateral review prior to opening of AEDPA's successive petition gate.  In re Joshua, 224 F.3d 1281, 1283 (11th Cir. 2000).  Other Circuits have narrowly interpreted AEDPA "Gate Keeping" provisions likewise.  See In re Tatum, 233 F.3d 857, 859 (5th Cir. 2000); Rodgers v. United States, 229 F.3d 704, 706 (8th Cir. 2000); Talbott v. Indiana, 226 F.3d 866, 868 (7th Cir. 2000); Sustache v. United States, 221 F.3d 8, 15 (1st Cir. 2000); In re Vail, 115 F.3d 1197 (2nd Cir. 2000) and Browning v. United States, No. 00-7096 (10th Cir. 2000).

On the other hand, both the Third and Ninth Circuits have a broader view of AEDPA.  These Circuits hold that "made retroactive" can be met whenever the Supreme Court's jurisprudence makes clear that the new rule should be applied retroactively.  See West v. Vaughn, 204 F.3d 53 (3rd Cir. 2000) and Flowers v. Walter, 239 F.3d 1096 (9th Cir. 2001)

However, conspicuously absent from this analytical morass are any cogent assertions that Apprendi is interpretation of a statute.  And as such, defies the question of retroactivity and congressional codification of retroactivity jurisprudence into § 2255.  Petitioner now makes this assertion.

Notwithstanding the absence of any Supreme Court declaration as to the retroactivity of Apprendi; Petitioner contends that he is entitled to collateral review of his conviction and sentence

and, to deny him such review; clearly violates the Due Process Clause of the Fifth Amendment and the Suspension Clause of the United States Constitution.

For the Court to deprive Petitioner the opportunity to attack his conviction and/or sentence under the recent intervening decision made by the U.S. Supreme Court in Apprendi would be tantamount to allowing a person to serve a Life sentence for a murder conviction when, as a result of intervening statutory interpretation, that person was only guilty of manslaughter with a maximum sentence of ten years.

However, in light of Apprendi, the intervening decision established that the act for which Petitioner was in custody was not criminal. Dorsainvil, 119 F.3d at 252. Petitioner's indictment charged him with possession with intent to distribute a controlled substance, to-wit: a mixture and substance containing a detectable amount of cocaine, cocaine base; all in violation of Title 21 U.S.C. § 841 (a)(1). The only controlled substance provision referenced in Counts I & II, merely describes certain conduct as unlawful, but neither reference drug type or quantity nor specifies any penalty by which such unlawful conduct is to be punished. Under Apprendi, § 841(a)(1), by itself, does not state an offense.[1]  Because '21 U.S.C. § 841 set forth separate offenses,

---

[1] This appears to be the view of Justice Scalia, who concurred in Apprendi, See 62 Cr.L.Rep. 3176 (march 4, 1998)(remarks of Justice Scalia during oral arguments in Edwards v. United States, 523 U.S. 511 (1998)(because "there are no penalties in § 841(a)," § 841(b) must be part of the offense"), as well as the view of the majority in Apprendi, who observed that "[t]he indictment must contain an allegation of **every** fact which is legally essential to the punishment to be inflicted". Id. 147 L.Ed.2d @ 454 n. 15 (quoting United States v. Reese, 92 U.S. 214, 232-33 (1876)(emphasis added).

11

rather than one offense with different penalties", United States Henderson, 105 F.Supp.2d 523, 534 (S.D.W.Va. 2000), a statutory only to subsection (a)(1) is incomplete--absent a reference to the specific provision of subsection (b) under which a defendant is charged. See 21 Am Jur. 2d § 5 @ p. 121 ("To constitute a crime, the act in question **must** ordinarily be one to which is annexed, upon conviction, a specified punishment. A statute declaring an act unlawful, but prescribing no penalty, **does not create a crime**"). Therefore, based on the latter, Petitioner's Indictment is jurisdictionally defective because, it fail to charge him with a complete violation of an offense under § 841, absent a reference to the specific provision of subsection (b), and a quantity of cocaine/cocaine base, which he was convicted and sentenced.

"An indictment's failure to charge an offense constitutes a jurisdictional defect, United States v. Cabrera-Teran, 168 F.3d 141, 143 (5th Cir. 1999), which may be raised by the defendant at any time. Id. Jurisdictional defects cannot be procedurally defaulted. Harris v. United States, 149 F.3d 1304, 1308 (11th Cir. 1998)("because [the error] is jurisdictional, [the defendant] need not show cause and prejudice"). Jurisdictional defects are non-waivable and non-defaultable. They are properly remedied--indeed they must be remedied --upon habeas review.

Based on the circumstances of this case, Petitioner should be allowed to pursue habeas relief under § 2241 because an

intervening decision established that the act for which he is in custody for, is not criminal. Dorsainvil, 119 F3d @ 252.

## CONCLUSION

**WHEREFORE**, the reasons stated herein, Petitioner prays that this Honorable Court finds that his claim under the intervening decision in Apprendi is both a new rule of constitutional law and the interpretation of a statutory scheme which makes the intervening decision in Apprendi automatically retroactively applicable to cases on collateral review, and that a § 2241 application is appropriate when other remedies are inadequate or ineffective. Thus, allowing Petitioner to proceed in filing for habeas relief under § 2241.

Respectfully Submitted

*Cleveland Hankerson*

Cleveland Hankerson
Reg# 83507-020
U.S. Penitentiary
601 McDonough Blvd. S.E.
Atlanta, Ga. 30315

13

# CERTIFICATE OF SERVICE

I, __Cleveland Hankerson__ hereby certify that I have served a true and correct copy of the following: Objections to Magistrate Report and Recommendation to the Respondent's attorneys:

Michael T. Solis
A.U.S.A.
433 Cherry St.
Macon, GA. 31202

Dulce Donovan
A.U.S.A.
Federal Bldg., Suite 217
228 Walnut St.
Harrisburg, PA. 17108

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, *Houston v. Lack*, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

and deposited same in the United States Postal Mail at the United States Penitentiary, Atlanta, Georgia, on this: __8th__ day of: __May__, 2001

Cleveland Hankerson

X _Cleveland Hankerson_